UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS JACK GOODMAN,<br><br>            Plaintiff,<br><br>      v.<br><br>REYES, et al.,<br><br>            Defendants. | 1:24-cv-00051-EPG (PC)<br><br>ORDER DENYING REQUESTS FOR DISCOVERY AND APPOINTMENT OF *PRO BONO* COUNSEL<br><br>(ECF No. 8) |

   Plaintiff Travis Goodman is a *pro se* inmate proceeding *in forma pauperis* in this lawsuit filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, while confined at the Kern County Sheriff's Lerdo Justice Facility, Kern County Sheriff Donny Youngblood and Kern County Deputy Reyes created a threat to his safety based on Reyes asking whether Plaintiff was a child molester.

   On March 1, 2024, the Court screened Plaintiff's complaint, concluding that Plaintiff failed to state a claim but giving him thirty days to file an amended complaint or to stand on his initial complaint. (ECF No. 7). On March 4, 2024, Plaintiff filed a letter with the Court asking the Court's assistance with obtaining inmate grievances from his institution of confinement and asking for "someone to assist me in this matter as I have dyslexia and have been utilizing fellow inmates to write letters on my behalf." (ECF No. 8, p. 2) (capitalization omitted).

   Plaintiff is advised that any request for relief from the Court must be made by motion, not through a letter, and must contain specific argument to support the requested relief. *See* Fed. R. Civ. P. 7(b)(1)(B) ("A request for a court order must be made by motion" and is required to "state

1

with particularity the grounds for seeking the order.").

The Court construes Plaintiff's filing as requesting (1) the Court's assistance to obtain discovery and (2) for the Court to appoint *pro bono* counsel. The Court will deny both requests.

As for discovery, the Court has screened the case and found no cognizable claims. Thus, discovery is inappropriate at this time. If Plaintiff later states a claim in this case, the Court will permit the parties to engage in discovery.

As for *pro bono* counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

As can be seen from the Court's screening order, Plaintiff has been able to articulate his claims, *i.e.*, explain the factual and legal bases for them. However, he has thus far failed to show that his allegations state a federal claim and that he will be successful on the merits. (*See* ECF No. 7, pp. 6-7). Moreover, the factual and legal issues involved are not complex and there is nothing to indicate that Plaintiff cannot adequately present his claims. Thus, the Court will not appoint counsel as this time. However, Plaintiff is free to again file a motion to appoint counsel should he believe that his circumstances have changed to warrant such an appointment.

\\\
\\\
\\\
\\\

Accordingly, IT IS ORDERED that Plaintiff's request (ECF No. 8) for discovery and the appointment of counsel is denied.

IT IS SO ORDERED.

Dated:  **March 6, 2024**          /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE